## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEREMY LEON HARRIS,

       *Plaintiff,*

  vs.

CITY CYCLE SALES, INC.,

       *Defendant.*

Case No. 21-CV-2264-EFM

## MEMORANDUM AND ORDER

Before the Court is Defendant City Cycle Sales, Inc.'s Renewed Motion for Judgment as a Matter of Law, or in the alternative, for a New Trial (Doc. 103).  After a full trial, the jury returned a verdict in favor of Plaintiff Jeremy Harris in the amount of $4,481,200 on his negligence and Kansas Consumer Protection Act ("KCPA") claims.  Defendant asks the Court to set aside this verdict, arguing that (1) there was insufficient evidence as to causation on Plaintiff's negligence and KCPA claims; (2) the KCPA claims were irrevocably abandoned prior to trial; and (3) Plaintiff's expert impermissibly testified on a subject limited by the Court's *in limine* ruling, which improperly influenced the jury's decision.  Because the Court finds that none of these arguments support judgment as a matter of law in favor of Defendant or a new trial, Defendant's Motion is denied.

## I.      Factual and Procedural Background

The background of this case up to trial is fully summarized in the Court's previous orders. Briefly, Plaintiff was injured during a one-vehicle motorcycle accident in May 2014.  Plaintiff filed suit in Kansas state court two years later, alleging that Dean Mizes, Defendant's service manager, was negligent and violated the KCPA during the service of Plaintiff's motorcycle one month before the accident.  Before the state court trial, Plaintiff did not ask that the jury be instructed on the KCPA claims.  The state court did not instruct the jury on Plaintiff's KCPA theory.  The jury returned a verdict finding Plaintiff 100% at fault for the accident.  Plaintiff appealed, and the Kansas Court of Appeals reversed and remanded with directions for a new trial. The reversal was premised on a legally erroneous comparative fault instruction.  The matter was remanded to the state court, where the parties stipulated to a dismissal without prejudice.  Plaintiff then filed the case in this Court.

Plaintiff brought both negligence and KCPA claims in this action.  Defendant promptly moved to dismiss the KCPA claims, arguing they had been abandoned in the state court trial.  After thorough consideration, the Court disagreed and found that no rule of law raised by Defendant prohibited Plaintiff from pursuing the KCPA claims.

The Court held a pre-trial *in limine* conference.  The Court considered, among others, Defendant's motion to exclude any mention at trial of warranty claims made to Harley-Davidson about a pinched wire in the wiring harness of other V-Rod motorcycles.  Plaintiff conceded that he would not offer them into evidence at trial but insisted that his expert relied on the warranty claims and should be able to mention them in testifying.  The Court disagreed and ruled that these warranty claims would not be discussed at trial.

-2-

In conjunction with the *in limine* conference, the Court also held a *Daubert* hearing on Plaintiff's expert, Wayne McCracken. Defendant asked the Court to exclude McCracken from testifying at all. Specifically, on the question of causation—that is, whether the pinched wire found in the wiring harness caused the accident—Defendant asked the Court to exclude McCracken's opinion that the pinched wire was present at the time Mizes serviced the motorcycle. Defendant reasoned that McCracken had no way of knowing the pinched wire was present during the service and therefore it was unsupported speculation for him to conclude it caused the accident. The Court agreed that McCracken could not testify that the pinched wire existed at the time of Defendant's service without any evidentiary basis. But the Court did not exclude McCracken's opinion in its entirety, instead permitting him to opine on the connection between the pinched wire found after the accident and the ABS issues that, according to him, led to wheel lockup and the accident.

At trial, Wayne McCracken testified at length. When asked about the cause of Plaintiff's accident, McCracken responded that "[t]he pinched wire caused the ABS not to function. When the ABS did not function, the wheel locked up and Mr. Harris crashed. It's that simple." He denied that the pinched wire was instead *caused by* the accident, a possibility Defendant raised several times throughout trial. McCracken's testimony twice veered into attempting to discuss the warranty claims—a subject specifically limited by the Court's *in limine* ruling. He ultimately stated that "Harley-Davison knew about this problem," which the Court viewed as a clear reference to the warranty claims. Defense counsel asked the Court to strike the entirety of McCracken's testimony based on this statement. The Court did not do so, and instead struck the offending statement and informed the jury to disregard that portion of McCracken's testimony. The Court also admonished McCracken outside of the presence of the jury, after which his testimony ceased to stray into improper topics.

The jury heard other evidence about the pinched wire and Plaintiff's ABS issues prior to the accident. From Zach Reeves—a repair specialist at Historic Harley-Davidson who examined and repaired Plaintiff's bike after the accident—the jury heard testimony that once the pinched wire in the wiring harness was resolved, the motorcycle's onboard computer showed no more trouble codes. Plaintiff himself testified about the ABS issues he was experiencing since his purchase of the motorcycle. He expressed that was the primary reason he brought his motorcycle to Defendant's shop. And the jury saw the work order Defendant used in servicing Plaintiff's motorcycle, which had a notation that the ABS light was on when the motorcycle was presented. The jury also heard from Dean Mizes, who testified that the motorcycle showed no trouble codes and that the ABS performed as intended during a test ride.

After Plaintiff rested his case, Defendant moved for judgment as a matter of law. This motion was based solely on its contention that Plaintiff had not met his burden of proof on causation. That is, there was not sufficient evidence that the pinched wire that caused the accident was present at the time Defendant serviced the motorcycle. The Court denied Defendant's motion, noting that while there was no direct evidence the pinched wire was present at the time of Defendant's service, the jury could reasonably find that the pinched wire was present at that time based on circumstantial evidence.

The jury ultimately returned a verdict in favor of Plaintiff. On the negligence claim, the jury found Defendant 75% at fault and Plaintiff 25% at fault. The verdict was split on Plaintiff's KCPA deceptive act and practices claims, with the jury finding Plaintiff had proved his case on two out of four of his theories. The jury found that Defendant's KCPA violations caused Plaintiff's damages, which the jury found to be $4,481,200.

-4-

Within the time frame provided by Rule 50(b), Defendant renewed its Motion for Judgment as a Matter of Law.  As alternative relief, Defendant requests a new trial.

## II.        Legal Standard

Under Fed. R. Civ. P. 50(a)(1), the Court may issue a judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Thus, "[j]udgment as a matter of law is only appropriate if the evidence points but one way and is susceptible to no reasonable inferences" that may support the opposing party's position.[1]  "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."[2]  Rule 50(b) allows the party that made a Rule 50(a) motion for judgment as a matter of law during the trial to "file a renewed  motion for judgment as a matter of law" after the trial and include an alternate motion for a new trial under Rule 59.

Fed. R. Civ. P. 59(a) allows the court to grant a new trial on a motion "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal courts." The decision to grant a motion for new trial is within the sound discretion of the trial court.[3]  Such a motion is "not regarded with favor and should only be granted with great caution."[4]  The party seeking to set aside a jury verdict must demonstrate trial errors constituting prejudicial error or

---

[1] *Strickland v. United Parcel Serv., Inc.*, 555 F.3d 1224, 1228 (10th Cir. 2009) (internal quotations and citations omitted).

[2] Fed. R. Civ. P. 50(a).

[3] *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993).

[4] *Paradigm Alliance, Inc. v. Celeritas Techs., LLC*, 722 F. Supp. 2d 1250, 1258 (D. Kan. 2010) (internal quotations and citations omitted).

demonstrate that the verdict is not based on substantial evidence.[5]  In making that determination, the Court's "inquiry focuses on whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence."[6]  The Court will "ignore errors that do not affect the essential fairness of the trial."[7]

### III.    Analysis

### A.    Renewed Motion for Judgment as a Matter of Law

The Court considers first Defendant's renewed request for judgment as a matter of law. Defendant offers two potential grounds for judgment as a matter of law in its favor.  First, Defendant argues, as it did in its initial motion at the close of Plaintiff's case, that there was insufficient evidence of causation for the jury to reasonably find in Plaintiff's favor.  Second, Defendant reiterates an argument it made in its motion to dismiss—that the KCPA claims were abandoned in the prior state court action and should not have been permitted in this action.

#### 1.    Causation Evidence as to Negligence and KCPA claims

The crux of Defendant's argument is that the jury, to find in favor of Plaintiff on causation, could only rely on bare speculation that the pinched wire was present during Defendant's service. Causation is obviously a required element for both negligence and KCPA claims.[8]  And a jury verdict cannot be based on speculation.[9]  Therefore, Defendant argues, judgment as a matter of law must be entered in its favor.

---

[5] *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

[6] *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir. 1986).

[7] *McDonough*, 464 U.S. at 553.

[8] *See Moore v. Associated Material & Supply Co.*, 263 Kan. 226, 948 P.2d 652, 659 (1997); *Hernandez v. Pistotnik*, 58 Kan. App. 2d 501, 472 P.3d 110, 116 (2020).

[9] *Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206, 1216 (10th Cir. 2004).

This argument is flawed in its first premise.  The jury was not required to speculate to find that the pinched wire was present when Defendant serviced the motorcycle.  While there was no direct evidence that the pinched wire was present during service, there was an abundance of circumstantial evidence to that effect.  McCracken clearly identified for the jury that the pinched wire caused the ABS issues.  Reeves testified that once the pinched wire was fixed, the ABS issues were resolved.  He also testified that the issue was an intermittent one—which would explain why the ABS would have issues at times and at others be completely normal, such as when Mizes serviced the motorcycle.  Plaintiff testified at length about the ABS issues he had with the motorcycle and that these issues were the reason he sought service from Defendant's shop.  And the jury saw Defendant's work order for Plaintiff's motorcycle, which contained a clear notation that the ABS light was on.

While there was certainly evidence from Mizes from which the jury could have concluded there was no pinched wire or ABS issue at the time of service, there was also sufficient circumstantial evidence to support the opposite conclusion.  On a motion for judgment as a matter of law, "[t]he court may not reweigh the evidence presented, pass upon the credibility of witnesses, or in any manner substitute its judgment for that of the jury."[10]

Defendant disagrees that circumstantial evidence was sufficient here.  It cites this Court's statement that "circumstantial evidence alone is not enough to survive summary judgment" in a case where causation was sufficiently complex to require expert testimony.[11]  But here, Plaintiff *did* offer expert testimony on the issue of causation—an issue that was highly technical and beyond

---

[10] *Meyerhoff v. Michelin Tire Corp.*, 852 F. Supp. 933, 943 (D. Kan. 1994), *aff'd*, 70 F.3d 1175 (10th Cir. 1995).

[11] *Davison v. C.R. Bard, Inc.*, 2020 WL 2513069, at *5 (D. Kan. 2020).

the experience of the average juror.  McCracken testified that the pinched wire caused the ABS malfunction and wheel lockup that resulted in Plaintiff's accident.  The jury was not left to freely speculate what condition could have caused the accident.  While there was no expert testimony on *when* this condition first existed prior to the accident, answering this question of timing did not require experience beyond that of the average layperson.[12]   Rather, the jury were "as capable of comprehending the primary facts and of drawing correct conclusions from them as [were] witnesses possessed of special or peculiar training, experience, and observation" in the field of motorcycle repair and diagnosis.[13]

The jury reasonably could, and did, return a verdict in favor of Plaintiff based on McCracken's expert testimony that the pinched wire caused the ABS issues and wheel lockup, and based on the circumstantial evidence discussed above that the pinched wire and ABS issues were present at the time of Defendant's service of the motorcycle.  The Court will not enter judgment as a matter of law in favor of Defendant on this ground.

### 2.   *Abandonment of KCPA claims*

Defendant reiterates that Plaintiff's KCPA claims should never have been presented to the jury because they were irrevocably abandoned in the state court trial.  The Court has already considered—and rejected—this contention in ruling on Defendant's Motion to Dismiss.  There is no reason to do so again, especially since Defendant simply trots out the same arguments that the

---

[12] *Cf. Thomas v. Gen. Motors Corp.*, 2006 WL 8444899, at *3 (E.D. Ark. 2006) (recognizing, in the products liability context, that "it must be shown that the product was in a defective condition at the time it left the supplier" and that "circumstantial evidence will be sufficient" to do so), *vacated on other grounds* (May 12, 2006); *Simmons v. Wawa, Inc.*, 2017 WL 2713738, at *3 (E.D. Va. 2017) (while expert medical testimony was required to prove proximate causation in an unwholesome food case, circumstantial evidence would be sufficient to show the dangerous condition existed when the goods left the defendant's hands).

[13] *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962) (quotation omitted).

Court expressly rejected in great detail in ruling on the Motion to Dismiss.[14]  Judgment as a matter of law is not appropriate of this ground.

## B.      Motion for a New Trial

Alternative to its request for judgment as a matter of law, Defendant requests a new trial. It relies on "alleged substantial errors in admission or rejection of evidence,"[15] which Defendant says arose when McCracken twice strayed into testimony barred by the Court's pretrial *in limine* ruling restricting evidence of the Harley-Davidson warranty claims.  "[N]o error in admitting or excluding evidence . . . is ground for granting a new trial" unless justice requires otherwise.[16]  The Court must disregard all errors that do not affect any party's substantial rights.[17]

Defendant string cites several cases holding a party's violation of the court's *in limine* ruling provides potential grounds for a new trial.[18]  But in *Moody*, the trial errors far exceeded the two isolated violations of the court's *in limine* rulings.[19]  And in *Henning*, the court overruled counsel's objection to the violation of the *in limine* rulings,[20] whereas in the instant trial the Court

---

[14] Ironically, the law of the case doctrine, on which Defendant relied heavily to support its Motion to Dismiss, weighs strongly against reopening this issue now.  *See State v. Collier*, 263 Kan. 629, 952 P.2d 1326, 1329 (1998) ("[T]he law of the case [is] not 'a cast-iron rule, incapable of relaxation under any circumstances, yet it must be adhered to where the question is one of great doubt, has been thoroughly considered, and is one whose decision involves no serious injury to general rights.' ") (quotation omitted).

[15] *Sec. & Exch. Comm'n v. Goldstone*, 233 F. Supp. 3d 1169, 1198 (D.N.M. 2017) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

[16] Fed. R. Civ. P. 61.

[17] *Id.*

[18] *See, e.g.*, *Henning v. Union Pac. R. Co.*, 530 F.3d 1206, 1217-19 (10th Cir. 2008); *Moody v. Ford Motor Co.*, 506 F. Supp. 2d 823, 847 (N.D. Okla. 2007) (holding that "repeated attempts to prejudice the jury by introducing irrelevant evidence and making inflammatory statements may require a court to order a new trial to prevent prejudice to the opposing party.").

[19] *See Moody*, 506 F. Supp. 2d at 847 ("To recap, plaintiffs' counsel violated in limine rulings as to other similar incidents, punishment and the Golden Rule, historical internal Ford documents, payments to expert witnesses, and he made personal attacks on Ford witnesses and counsel. The combination of these violations, along with plaintiffs' counsel's improper conduct, leaves this Court with a firm conviction that Ford did not receive a fair trial.").

[20] *Henning*, 530 F.3d at 1218.

sustained counsel's objection, twice instructed the jury to disregard the McCracken's statement, and later admonished the witness outside the presence of the jury—after which McCracken ceased to stay outside the bounds of permissible testimony.  The Tenth Circuit has recognized that "curative instructions—issued promptly after the improper argument and specifically addressing the precise impropriety complained of—can go far in erasing prejudice occasioned by an improper remark."[21]  The Court assumes that the jury followed its instructions and disregarded McCracken's improper testimony.[22]  Therefore, Defendant was not substantially prejudiced by the isolated improper remarks, and a new trial on this ground is not warranted.

Finally, Defendant claims the cumulative effect of errors at the trial warrants a new trial. "The cumulative effect of two or more individually harmless errors has the potential to prejudice the defendant to the same extent as a single reversible error."[23] This analysis, however, only considers "the effect of matters determined to be error, not the cumulative effect of non-errors."[24] The sole error at trial was McCracken's testimony into matters restricted by the Court's *in limine* ruling.  There is no cumulative, prejudicial effect of multiple otherwise harmless errors here.

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion for Judgment as a Matter of Law, or in the alternative, for a New Trial (Doc. 103) is **DENIED.**

---

[21] *Whittenburg v. Werner Enters. Inc.*, 561 F.3d 1122, 1131 (10th Cir. 2009).

[22] *See Wirtz v. Kansas Farm Bureau Servs., Inc.*, 311 F. Supp. 2d 1197, 1228 (D. Kan. 2004) ("The 'central assumption of our jurisprudence is that juries follow the instructions they receive.' ") (quoting *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998)).

[23] *Kaufman v. Central RV, Inc.*, 2023 WL 387150, at *9 (D. Kan. 2023).

[24] *Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119, 1125 (10th Cir. 1995) (quotation omitted).

**IT IS SO ORDERED.**

Dated this 26th day of May, 2023.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE