## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEREMY L. HARRIS,

       *Plaintiff,*

  vs.

CITY CYCLE SALES, INC.,

       *Defendant.*

Case No. 21-CV-2264-EFM

## MEMORANDUM AND ORDER

      This matter comes before the Court on Plaintiff Jeremy Harris's Motion for Attorney's Fees and Expenses (Doc. 99).  The jury returned a verdict in Plaintiff's favor on his negligence claim and two of his Kansas Consumer Protection Act ("KCPA") claims.  Under the KCPA, the Court may award reasonable attorney's fees to the prevailing party.[1]  Plaintiff therefore seeks a fee award in the amount of $1,941,850.31—45% of the judgment amount of $4,481,200 net of $165,977.09 in advanced litigation expenses.  But Plaintiff's presentation for this request falls well short of what this Court expects to merit such an award.

---

[1] K.S.A. § 50-634(e).

When considering a request for attorney's fees under a Kansas statute, courts weigh the factors set forth in Kansas Rule of Professional Conduct ("KRPC") 1.5(a).[2]  Rule 1.5(a) requires that a lawyer's fee be "reasonable," and provides eight factors touching on the reasonableness of a particular fee.[3]  These factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.[4]

Under the KCPA, the decision of whether to award attorney fees and in what amount is a matter within the discretion of the trial court.[5]

Plaintiff cites the Rule 1.5(a) factors in support of his Motion and purports to discuss them. But while he assures the Court that there is "ample evidence" in favor of a fee award,[6] the Court does not find this to be the case, specifically with respect to the first factor—"the time and labor

---

[2] *Louisburg Bldg. & Dev. Co. v. Albright*, 45 Kan. App. 2d 618, 252 P.3d 597, 619 (2011) (considering Rule 1.5(a) factors in a case requesting fees under the KCPA); *Bank Midwest, N.A. v. Millard*, 2012 WL 5876643, at *1 (D. Kan. 2012) (same).

[3] KRPC 1.5(a).

[4] *Id.*  This Court has adopted the Kansas Rules of Professional Conduct as adopted and amended by the Supreme Court of Kansas.  D. Kan. R. 83.6.1(a).

[5] *Albright*, 252 P.3d at 619.

[6] *Ortiz v. Biscanin*, 34 Kan. App. 2d 445, 122 P.3d 365, 384 (2004), as corrected (Nov. 28, 2005) (upholding the district court's award of fees without detailed time records because the "district court had ample evidence to draw upon in determining a reasonable fee.").

required."  Counsel has failed to provide detailed billing records, either in the required meet and confer with opposing counsel or to the Court in support of the instant Motion.[7]

Cognizant of this omission, Plaintiff instead offers the affidavits of his two trial lawyers, each of which assures the Court that Plaintiff's attorneys worked very hard on this case and that a fee constituting 45% of the judgment amount is reasonable.  Maybe so.  But the Court does not typically take counsel's word as gospel in making this determination.  Rather, the expectation is that counsel will submit "meticulous, contemporaneous time records" detailing the hours expended on the matter and how that time was allotted to specific tasks.[8]

Plaintiff cites this Court's decision in *Self v. Uhl*[9] as supportive of his position that contemporaneous time records are not always necessary.  There, the Court considered Plaintiff's request for reasonable attorney's fees under the Kansas Wrongful Death Act.[10]  The Court weighed the factors set out in Rule 1.5(a) and found that although Plaintiff's counsel had not kept detailed time sheets—which the Court recognized was an "acceptable practice"—there was sufficient evidence for the Court to determine the time and labor required of counsel.[11]

The instant case, however, is distinct from *Self* in one crucial way—this is a case under the KCPA, not the Kansas Wrongful Death Act.   The Kansas Wrongful Death Act largely does not cabin the Court's discretion in awarding attorney's fees, other than that such fees must be

---

[7] *See also Sedlock v. Overland Park Med. Invs.*, LLC, 2021 WL 1056516, at *4 (D. Kan. 2021) ("[T]he absence of any timekeeping records nullifies the court's ability to apply [the time and labor required] factor to this case.").

[8] *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *disapproved of on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).

[9] 2017 WL 2264488 (D. Kan. 2017).

[10] *Id.* at *2-*3.

[11] *Id.* at *3.

"reasonable."[12]   By contrast, the KCPA provides that the attorney's fee must not only be "reasonable" but also "limited to the work reasonably performed."[13]   The Court can see no other way to gauge the work Plaintiff's attorneys performed, and whether it was reasonable, than by a thorough review of each attorney's time records.   Though Plaintiff is correct that the Court has broad discretion in awarding attorney's fees,[14] it does not have the discretion to ignore the clear and unambiguous language of the statute that permits such an award.[15]

On this ground, the Court denies Plaintiff's Motion without prejudice.   The Court will permit Plaintiff to file another motion for attorney's fees that cures the deficiency with detailed time records.   But before Plaintiff does so, his counsel must first provide Defense counsel a copy of their time records and initiate a second consultation regarding attorney's fees.   While the parties conferred prior to the filing of Plaintiff's opening memorandum, Defendant notes this meeting was less than productive because Plaintiff did not produce his attorneys' time records.   An additional meeting with the time records in the mix may speed this matter toward resolution.   Prior to filing a second motion for attorney's fees, Plaintiff will file an additional statement of consultation as set out in D. Kan Rule 54.2.

Plaintiff objects to sharing the time records of his counsel on two grounds.   First, he notes that not all his attorneys kept detailed time records.   As the "market participant who elected not to keep time records," that attorney is alone responsible for his or her decision.[16]   In any event,

---

[12] K.S.A. § 60-1905.

[13] K.S.A. § 50-634(e).

[14] *Ortiz v. Biscanin*, 34 Kan. App. 2d 445, 122 P.3d 365, 383 (2004), as corrected (Nov. 28, 2005).

[15] *See* K.S.A. § 50-634(e) ("[T]he court may award to the prevailing party reasonable attorneys fees, including those on appeal, *limited to the work reasonably performed*.") (emphasis added).

[16] *Sedlock*, 2021 WL 1056516, at *4.

counsel's decision not to keep time records does not in any way affect what the Court is required to consider under the KCPA.  Second, Plaintiff objects to sharing the time records on the grounds of work product and attorney-client privilege.  This seems easily curable.  Plaintiff may redact confidential information and create a privilege log detailing the reasons for each redaction. Virtually every attorney that comes to this Court requesting attorney's fees finds a way to share their billing records without disclosing privileged information, and the Court has no doubt that Plaintiff's counsel can discover a way to do so as well.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. 99) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff share his attorneys' billing records, reasonably redacted if necessary, with Defense counsel, and will initiate a second consultation regarding attorney's fees.  Only after filing a statement of consultation with this Court will Plaintiff be permitted to file a second motion for attorney's fees.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2023.

*Eric F Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE