IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY LEON HARRIS,

    *Plaintiff,*

vs.

    Case No. 21-CV-2264-EFM

CITY CYCLE SALES, INC.,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant City Cycle Sales, Inc.'s Motion for Stay of Execution and for an Order Approving Supersedeas Bond (Doc. 119). The primary dispute between Defendant and Plaintiff is whether the Court should approve a supersedeas bond in less than the amount of the full judgment, plus 25%, per District of Kansas Local Rule 62.2. Because requiring the full bond would likely irreparably injure Defendant and approval of a lesser bond does not unduly endanger Plaintiff's rights, the Court grants Defendant's Motion. Execution of the Judgment, dated March 23, 2023, will be stayed pending the resolution of the appeal upon Defendant posting a supersedeas bond in the amount of $2,030,761.90, the limit of its liability insurance.

### I.     Factual and Procedural Background

The background of this case up to trial is fully summarized in the Court's previous orders. Briefly, Plaintiff was injured during a one-vehicle motorcycle accident in May 2014. Plaintiff filed suit in Kansas state court two years later, alleging that Dean Mizes, Defendant's service manager, was negligent and violated the KCPA during the service of Plaintiff's motorcycle one month before the accident. Plaintiff lost the state court trial, but the verdict was overturned on appeal based on an instructional error. The parties stipulated to the dismissal of the state court suit and Plaintiff filed suit in this Court, alleging both negligence and KCPA violations.

The case proceeded to trial, after which the jury returned a verdict in favor of Plaintiff. On the negligence claim, the jury found Defendant 75% at fault and Plaintiff 25% at fault. The verdict was split on Plaintiff's KCPA deceptive act and practices claims, with the jury finding Plaintiff had proved his case on two out of four of his theories. The jury found that Defendant's KCPA violations caused Plaintiff damages, in the amount of $4,481,200. The Court entered judgment in that amount and awarded post judgment interest at a rate of 5.22% per annum. Defendant filed a timely notice of appeal.

Defendant has been advised by its liability insurance carrier that it has a $2,000,000 limit available to satisfy the judgment, with an additional $30,761.90 to satisfy post judgment interest. Additionally, during the pendency of the litigation, the owner of City Cycle died, leaving the ownership and management of Defendant in the Wayne A. Jaecke Trust. Defendant states it possesses insufficient unencumbered assets in order to obtain security or bond in addition to the insurance coverage it currently possesses. Though Defendant has twice attempted to secure an appeal bond, both applications were denied for the reason of inadequate liquid assets. Duane

Bythe, Vice President and Trust Division Manager of the Central National Bank of Junction City, Kansas—the trustee of the Wayne A. Jaecke Trust—avers much the same.

Because of this illiquidity, Defendant believes that execution of the judgment at the present time would jeopardize its operations and result in irreparable harm to its business. Defendant also believes that it will not be possible to obtain additional security to post bond above the available policy limits under its liability insurance. Defendant states that it is not aware of sufficient unencumbered assets in its possession that could be garnished to satisfy the full amount of the judgment. On account of the foregoing, Defendant asks the Court to stay execution of the Court's March 23, 2023, Judgment pending resolution of its appeal, and to allow it to post bond in less that the full amount of the judgment plus 25%.

## II.     Legal Standard

Rule 62 of the Federal Rules of Civil Procedure provides for the stay of execution of a judgment "at any time after judgment is entered." Specifically, "a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."[1] District of Kansas Local Rule 62.2 provides that "[a] bond or other security staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay."

---

[1] Fed. R. Civ. P. 62(b).

"[A] full supersedeas bond should be the requirement in normal circumstances."[2] The purpose of this rule is to "secure an appellee from loss resulting from the stay of execution."[3] But district courts retain inherent discretionary authority in setting supersedeas bonds.[4] This includes "the discretion to reduce or waive the bond requirement if the appellant demonstrates a present financial ability to respond to the judgment that is likely to continue or if the appellant's present financial condition is such that posting a full bond would impose an undue financial burden."[5] The burden falls to the judgment debtor to demonstrate objectively good cause for any waiver or reduction.[6]

Courts, in exercising their discretion, consider whether the judgment creditor's rights would be unduly endangered by the waiver or reduction in a supersedeas bond,[7] as well as whether the requirement of the full bond would "irreparably injur[e]" the judgment debtor.[8] "A full supersedeas bond may be required where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable."[9]

---

[2] *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)

[3] *Id.*

[4] *Id.*

[5] *Hampton v. Barclays Bank Del.*, 2020 WL 7714407, at *4 (D. Kan. 2020) (quoting *Lech v. Jackson*, 2018 WL 2183984, at *1 (D. Colo. 2018)).

[6] *Id.*

[7] *Dodson Aviation, Inc. v. HLMP Aviation Corp.*, 2011 WL 6304131, at *1 (D. Kan. 2011).

[8] *Miami Int'l Realty*, 807 F.2d at 873.

[9] *Id.* (quotation marks omitted).

### III.     Analysis

The Court is persuaded that the execution of the judgment in this case should be stayed pending the resolution of the appeal upon a supersedeas bond of less than the full amount of the judgment is being posted.  The Court has inherent discretion in these matters.  Plaintiff does not appear to oppose a stay of the execution of the judgment, just the imposition of such a stay without a bond in the full amount of the judgment plus 25%.  Exercising its discretion, the Court finds that Defendant has met its burden to support the reduction of the bond amount.

Defendant's burden is to show good cause for a reduction from the full amount of the judgment as a supersedeas bond.  This showing essentially requires a balancing of the equities; the Court considers, on one hand, the likelihood of irreparable injury to the judgment debtor, and on the other, the likelihood that the reduction in the bond amount would unduly endanger the judgment creditor's rights.[10]

The affidavit of Duane Blythe indicates there is a likelihood of irreparable injury to Defendant if required to post the full amount of the judgment as bond.  Defendant's liability insurance limit is $2 million, plus $30,761.90 for post judgment interest.  This leaves a little over $3.5 million that Defendant would have to come up with to post a supersedeas bond in the full amount of the judgment plus 25%, as usually required by local rule.[11]  Blythe, a representative of the trustee of the trust that now owns Defendant, avers that Defendant has limited liquid assets to run its daily operations.  Defendant applied with two different bonding companies to obtain a bond on the uninsured portion of the judgment, but both applications were denied because of inadequate

---

[10] *Id.*

[11] D. Kan R. 62.2.

liquid assets. If the Court required Defendant to post bond in the full amount of the judgment plus 25%, it seems likely that Defendant's day-to-day operations would be jeopardized.

Plaintiff suggests that Blythe's "conclusory" and "unsupported" affidavit is insufficient for Defendant to meet its burden. Not so. This Court has accepted precisely this type of evidence as sufficient in past cases.[12] And Blythe's affidavit, coming as it does from a representative of the trustee of the owner of the business, is far from "conclusory" and "unsupported," as Plaintiff alleges. Plaintiff seems to prefer that Defendant provide a full accounting of its operations, assets, expenses, cash flow, and more to satisfy its burden, but there is no indication that such a demanding showing has ever been required by this Court.

The Court also finds there is limited risk that a bond in less than the full amount of the judgment will unduly endanger Plaintiff's rights. The Tenth Circuit has said that a "full supersedeas bond may be required where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case."[13] Plaintiff contends Defendant fits this description, as its statements within the instant motion repeatedly suggest that Defendant does not possess sufficient unencumbered assets at this time to satisfy all the judgment. But this does not evidence Defendants unwillingness or inability to satisfy the judgment at the ultimate disposition of the case. Certainly, Defendant would have trouble satisfying the judgment now, but the case has not yet reached its ultimate disposition as Defendants appeal has just begun. Rather, Defendant has repeatedly attempted to put up the full amount as bond but has twice had its applications for an appeal bond denied. And as Plaintiff

---

[12] *See Hampton*, 2020 WL 7714407, at *5 (making a determination based the plaintiff's financial affidavit); *Fox v. Pittsburg State Univ.*, 319 F.R.D. 342, 344 (D. Kan. 2017) (same).

[13] *Miami Int'l Realty*, 807 F.2d at 873 (quotation omitted).

himself recognizes, Defendant has been in business for sixty years, has substantial (illiquid) assets, and there is little risk of it ceasing to be a going concern during the pendency of the appeal. The Court finds that Plaintiff's rights are not unduly endangered by the reduction of the supersedeas bond, and that it would be impracticable to require Defendant to put up the full amount of the judgment plus 25%.

Plaintiff chides Defendant for not considering the factors laid out in *Dillon v. City of Chicago*,[14] a Seventh Circuit case that this Court has, at times, considered when determining whether to waive or reduce the full supersedeas bond requirement.[15] But the fact that the Court has considered these factors as relevant before does not mean it must always do so. The Tenth Circuit has never adopted these factors formally.[16] Here, the Court is satisfied that its analysis fully comports with the Tenth Circuit's directive to "protect judgment creditors as fully as possible without irreparably injuring judgment debtors."[17]

Plaintiff also requests discovery under Fed. R. Civ. P. 69, as well as an order from this Court enjoining Defendant from transferring any assets. Rule 69(a) states that a money judgment is enforced by a writ of execution. No such writ has issued, nor will it at this time, as the Court has stayed execution of the judgment pending the appeal. Plaintiff's request is denied without prejudice at this time.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Stay of Execution and for an Order Approving Supersedeas Bond (Doc. 119) is **GRANTED.**

---

[14] 866 F.2d 902 (7th Cir. 1988).

[15] *See, e.g.*, *Brinkman v. Dep't of Corr. of State of Kan.*, 815 F. Supp. 407, 408-09 (D. Kan. 1993).

[16] *See Hampton*, 2020 WL 7714407, at *5 (recognizing that the Tenth Circuit has never adopted these factors).

[17] *Miami Int'l Realty*, 807 F.2d at 87 (quotation omitted).

**IT IS FURTHER ORDERED** that the Amended Judgment in this case, dated March 23, 2023, is stayed pending the resolution of the appeal upon Defendant posting a supersedeas bond in the amount of $2,030,761.90.

**IT IS SO ORDERED.**

Dated this 2nd day of August, 2023.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE