# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEREMY L. HARRIS,

    *Plaintiff,*

vs.

    Case No. 21-2264-EFM

CITY CYCLE SALES, INC.,

    *Defendant.*

## MEMORANDUM AND ORDER

Before the Court are two motions: Plaintiff Jeremy Harris's Motion to Lift Stay of Execution (Doc. 138) and Defendant City Cycle Sales, Inc.'s Motion for Stay of Execution on Order for Fees and Costs (Doc. 146). This case stems from the tragic accident experienced by Plaintiff after Defendant serviced his motorcycle. At trial, the jury returned a verdict in Plaintiff's favor on his negligence claim and two of his Kansas Consumer Protection Act claims. In total, the jury awarded Plaintiff $5,182,338.92 in damages.

On June 8, 2023, Defendant filed a motion for stay of execution of the judgment. Defendant informed the Court of its intent to appeal multiple issues in this case and requested leave to post a supersedeas bond for less than the full judgment amount. Defendant also represented to this Court that it was undergoing a period of transition to new ownership and its

future was more or less unknown. Therefore, requiring Defendant to post the entire bond or pay the judgment would cause irreparable harm. However, that representation was inaccurate.

On August 2, 2023, the Court granted the motion to stay at that time because "requiring the full bond would likely irreparably injure Defendant and approval of a lesser bond does not unduly endanger Plaintiff's rights."[1] In lieu of the judgment amount, Defendant posted a supersedeas bond of $2,030,761.90.

Instead of transitioning its business, Defendant permanently closed its doors on July 31, 2023.[2] Soon after, it started liquidating assets to pay creditors. Defendant now claims that it has no unencumbered assets with which to pay the judgment amount to Plaintiff.

Plaintiff now seeks to lift the stay to protect his judgment. Defendant, however, wishes to not only continue the present but to also stay Plaintiff's recovery of the attorney fees and costs awarded by this Court on September 22, 2023.

## I. Legal Standard

Rule 62 of the Federal Rules of Civil Procedure provides for the stay of execution of a judgment "at any time after judgment is entered." Specifically, "a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."[3] District of Kansas Local Rule 62.2 provides that "[a] bond or other security staying execution of a money

---

[1] *See* Doc. 133, 1. The Court's order is also available on Westlaw at *Harris v. City Cycle Sales, Inc.*, 2023 WL 4930268, at *1 (D. Kan. 2023).

[2] Defendant announced its closing via Facebook on July 11, 2023—two days before it filed a Reply to its original motion to stay execution of judgment. In its Reply, Defendant represented that that paying the full judgment would render it unable "to continue doing business."

[3] Fed. R. Civ. P. 62(b).

judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay."

"[A] full supersedeas bond should be the requirement in normal circumstances."[4] The purpose of this rule is to "secure an appellee from loss resulting from the stay of execution."[5] But district courts retain inherent discretionary authority in setting supersedeas bonds.[6] This includes "the discretion to reduce or waive the bond requirement if the appellant demonstrates a present financial ability to respond to the judgment that is likely to continue or if the appellant's present financial condition is such that posting a full bond would impose an undue financial burden."[7] The burden falls to the judgment debtor to demonstrate objectively good cause for any waiver or reduction.[8] And yet, the Tenth Circuit has urged courts to be mindful of their duty "to protect judgment creditors as fully as possible without irreparably injuring judgment debtors."[9]

## II.     Analysis

Plaintiff seeks to have the stay of execution lifted. Defendants seek yet another stay of execution regarding the $701,138.92 in attorney fees and costs this Court recently awarded Plaintiff. These opposing ends each find their solution in one simple fact—Defendant has ceased doing business. Therefore, Plaintiff's recovery is extremely jeopardized, especially because

---

[4] *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986).

[5] *Id.*

[6] *Id.*

[7] *Hampton v. Barclays Bank Del.*, 2020 WL 7714407, at *4 (D. Kan. 2020) (quoting *Lech v. Jackson*, 2018 WL 2183984, at *1 (D. Colo. 2018)).

[8] *Id.*

[9] *Id.* (further citation and quotations omitted).

Defendant is actively selling off its assets. And there is no risk of irreparable harm to Defendant's operations.

In an affidavit by a trustee for the Wayne A. Jaecke Trust, Defendants urges the Court that it has no unencumbered assets with which to pay Plaintiff's judgment. If so, that is all the more reason to lift the stay so that Plaintiff may seek to protect his recovery from Defendant's other creditors. Without any risk of irreparable harm to Defendant and to protect Plaintiff as the judgment creditor, the Court must lift the stay of execution. Accordingly, the Court grants Plaintiff's Motion.

For the same reasons, the Court denies Defendant's Motion for Stay of Execution as to the attorney fee award in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Lift Stay of Execution (Doc. 138) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant City Cycle Sales, Inc.'s Motion for Stay of Execution on Order for Fees and Costs (Doc. 146) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of December, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE